FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Jul 13, 2020**

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANE WILLIAMS. | No.    4:20-cv-05039-SMJ |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| ORRCO, an Oregon Corporation, and OIL RE-REFINING COMPANY, a Washington Corporation, | |
| Defendants. | |

Before the Court, without oral argument,[1] is Defendants ORRCO and Oil Re-Refining Company's Motion to Dismiss, ECF No. 7. Plaintiff alleges he was injured in an unprotected fall from a tanker truck he drove in Defendants' employ because, despite clear regulatory requirements and prior employee injuries, Defendants failed to provide him with a safety harness. Because the allegations in the Complaint fall short of alleging Plaintiff's injury resulted from Defendants' "deliberate intention," the Court finds Plaintiff's claim is barred by Washington's Industrial Insurance Act ("IIA") and thus dismisses the Complaint.

---

[1] Though Defendants' motion was originally noted for oral argument, the Court finds a hearing unnecessary because, having reviewed the record and the relevant legal authorities, the Court is fully informed. *See* LCivR 7(i)(3)(B)(iii).

**BACKGROUND**

Plaintiff Shane Williams brought suit against Defendants, by whom he was employed as a truck driver, to recover for personal injuries he suffered after falling off a tanker truck that was owned by Defendants, onto which he had climbed without a harness or other restraint. ECF No. 1 at 2. Plaintiff asserted a single cause of action for negligence, alleging Defendants understood the risks associated with having employees climb onto tanker trucks unrestrained, yet required them to do so without providing a safety harness. *Id.* at 3.

On June 18, 2020, Defendants moved to dismiss the Complaint, arguing Plaintiff's claim of negligence is foreclosed by Washington's IIA, which provides the exclusive remedy for an on-the-job injury like Plaintiff's. ECF No. 7. In response,[2] Plaintiff argues his allegations state a cognizable legal theory entitling him to relief under an exception to the IIA's exclusivity provisions for employee injuries resulting from the deliberate action of an employer. ECF No. 16.

**LEGAL STANDARD**

**A.    Motion to Dismiss**

Under Rule 12(b)(6), the Court must dismiss a complaint if it "fail[s] to state

---

[2] The Court notes Plaintiff's response was filed more than six weeks after the deadline, though Plaintiff did not seek leave to make the untimely filing nor so much as recognized his tardiness. LCivR 7(c)(2)(B). Even so, the Court declines to sanction this failure to comply with the Local Rules because nothing in Plaintiff's untimely response is sufficient to save the Complaint from dismissal.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 2

a claim upon which relief can be granted," including where the plaintiff's claims either fail to allege a cognizable legal theory or fail to allege sufficient facts to support a cognizable legal theory. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Facial plausibility exists where a complaint pleads facts permitting a reasonable inference that the defendant is liable to the plaintiff for the misconduct alleged. *Id.* Plausibility does not require probability but demands something more than a mere possibility of liability. *Id.* While the plaintiff need not make detailed factual allegations, unadorned accusations of unlawful harm and formulaic or threadbare recitals of a claim's elements, supported only by mere conclusory statements, are insufficient. *Id.*

In deciding a Rule 12(b)(6) motion, the Court construes a complaint in the light most favorable to the plaintiff, assumes the facts as pled are true, and draws all reasonable inferences in his or her favor. *Ass'n for L.A. Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011); *Iqbal*, 556 U.S. at 678. Even so, the Court may disregard legal conclusions couched as factual allegations. *See id.*

//

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 3

**B.    Washington's IIA**

Washington's IIA struck a "grand compromise" between the interests of Washington businesses and their workers: employees may avail themselves of "a swift, no-fault compensation system" for on-the-job injuries while Washington employers are generally immune from civil suit by workers for such injuries. *Birklid v. Boeing Co.*, 904 P.2d 278, 282 (Wash. 1995); Wash. Rev. Code § 51.04.010.

This broad immunity does not, however, apply where an employee is injured as the result of the employer's "deliberate intention." Wash. Rev. Code § 51.24.020. Washington courts have narrowly construed this exception to require "a specific intent to injure." *Birklid*, 904 P.2d at 283 (citing *Nielson v. Wolfkill Corp.*, 734 P.2d 961, 963 (Wash. 1987)). This is a demanding standard, defined primarily by what it is not: an employee may not sue to recover for injuries resulting from his employer's gross negligence, from its failure to "observe safety procedures and laws governing safety," nor even from its actions that have "a substantial certainty of producing injury." *Id.* (citing *Biggs v. Donovan-Corkery Logging Co.*, 54 P.2d 235, 236 (Wash. 1936); *Peterick v. State*, 589 P.2d 250, 266–67 (Wash. Ct. App. 1977); *Higley v. Weyerhaeuser Co.*, 534 P.2d 596, 597–98 (Wash. Ct. App. 1975)). Instead, to maintain a private civil action for a workplace injury, an employee must show "the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge." *Id.* at 285.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 4

**DISCUSSION**

Accepting all allegations in the Complaint as true, and drawing all reasonable inferences from those facts in Plaintiff's favor, the Court finds he has failed to plead that his injury resulted from Defendants' "deliberate intention," and his claim is therefore barred by the IIA. *See* Wash. Rev. Code §§ 51.04.010, 51.24.020.

The Complaint alleges Defendants "knew of the requirement" that employees wear a safety restraint if working at heights exceeding four feet yet still "required . . . [them] to load and remove oil and climb on top of [Defendants'] tanker trucks" without furnishing the required safety equipment. ECF No. 1 at 2. Plaintiff's response to Defendant's motion to dismiss clarifies this requirement is codified in Washington's Administrative Code. *See* ECF No. 16 (citing Wash. Admin. Code § 296-869-20045). But an employer's disregard for laws governing safety, such as the provision on which Plaintiff relies, is insufficient to constitute deliberate intention. *Birklid*, 904 P.2d at 283. Equally insufficient is Plaintiff's claim that Defendants disregarded the known risk that unrestrained workers *could* fall from their trucks. *See* ECF No. 1 at 2; *Birklid*, 904 P.2d at 283 (holding deliberate intention claim sufficient where defendant "knew in advance its workers *would* become ill" from exposure to chemical (emphasis added)).

Though the analysis of Defendants' motion to dismiss is confined to the allegations in the Complaint, the Court notes Plaintiff has sought a specialized

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 5

subpoena for records establishing that Washington administrative agencies "conducted inspections, reached findings, and made proposals for safety corrections that [Defendants] failed to follow which resulted in Plaintiff's injuries." ECF No. 9 at 2. Yet as set out above, such records—even if they established a grossly negligent failure to observe the most basic safety precautions—would not establish the requisite deliberate intention necessary for Plaintiff to bring suit against Defendants. *Birklid*, 904 P.2d at 283.

Instead, to prevail, Plaintiff would be required to establish Defendants had "actual knowledge" that his injury was "*certain* to occur and willfully disregarded that knowledge." *Id.* at 285 (emphasis added). Even construed with the utmost liberality, nothing in the Complaint alleges as much. Plaintiff claims Defendants had actual knowledge of the requirement that they furnish safety restraints, but not that they had actual knowledge Plaintiff was *certain* to fall from the truck if he climbed atop it without a harness. *See* ECF No. 1 at 2. Nothing in the Complaint, nor in Plaintiff's response to Defendants' motion to dismiss, suggests this deficiency could be cured by amendment—indeed, rather than seeking leave to amend to plead additional facts, Plaintiff argued the existing Complaint is legally sufficient. *See* ECF No. 16. Because the Court concludes it is not, and Plaintiff has failed to articulate a cognizable legal theory, his Complaint must be dismissed. Fed. R. Civ. P. 12(b)(6); *Kwan*, 854 F.3d at 1093.

**CONCLUSION**

Because the allegations in Plaintiff's Complaint allege no more than that Defendants were grossly negligent in failing to provide him necessary safety equipment resulting in his on-the-job injury, his claim is barred by the exclusive remedy provisions of Washington's IIA. As such, he is precluded from seeking relief in this Court, and the Complaint must be dismissed.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendants ORRCO and Oil Re-Refining Company's Motion to Dismiss, ECF No. 7, is **GRANTED**.

2.    Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

3.    All pending motions are **DENIED AS MOOT**, and all scheduled hearings are **STRICKEN**.

//

//

//

//

//

//

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 7

1    **4.**    The Clerk's Office is directed to **ENTER JUDGMENT** in favor of

2    Defendants and thereafter **CLOSE** this file.

3    **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order,

4    provide copies to all counsel.

5    **DATED** this 13th day of July 2020.

6

7    _____

8    SALVADOR MENDOZA, JR.
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 8